CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARYLL SHUMAKE,<br>Plaintiff, | )<br>) Civil Action No. 7:07cv00108<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| B. WATSON, WARDEN, et al.,<br>Defendants. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff Daryll Shumake, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Shumake alleges that the defendants violated his right to privacy by "tamper[ing] with" his legal mail and not delivering his money withdrawal request to the prison business office. However, Shumake concedes in his petition that although he did file a grievance on this complaint, he did not appeal. Accordingly, because Shumake has not exhausted his administrative remedies before filing this action, the court dismisses his suit pursuant to 42 U.S.C. § 1997e(a).

## I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In his complaint,

1

Shumake states that he filed a grievance on March 1, 2007 and received a response stating that he must first use the informal grievance procedure. Shumake also states that he did not appeal his grievance. The court also notes that he filed his grievance on March 1, 2007 and signed and dated the instant complaint on March 5, 2007; therefore, it is clear that he has not had enough time to fully exhaust his administrative remedies. Accordingly, the court finds that Shumake has not exhausted all available administrative remedies before filing the instant complaint.

## II.

For the stated reasons, Shumake's petition is dismissed pursuant to §1997e(a) for failure to exhaust.

**ENTER:** This 15th day of March, 2007.

United States District Judge